JAIME FELICIANO FIGUEROA *ET AL.*, demandantes y recurridos, *v.* JULIO TOSTE PIÑERO, demandado y peticionario.

*Número:* CE-93-236 *Resuelto:* 15 de diciembre de 1993

*Luis F. Abreu Elías*, abogado del peticionario; *Gloria L. Lebrón Nieves*, de *Cobián & Valls*, abogada de los recurridos.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

Bajo la Regla 56.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, una sentencia previa por delito grave, como documento público, ¿sirve para dispensar de fianza una orden de embargo en aseguramiento de sentencia? Expongamos los antecedentes que dan génesis a esta novel interrogante.

I

El 31 de mayo de 1992 como resultado de una disputa vecinal relacionada con las colindancias de unos terrenos, Julio Toste Piñero disparó en dos (2) ocasiones e hirió gravemente a Jaime Feliciano Figueroa. Atendido en varios hospitales, tuvo que ser *intervenido* quirúrgicamente y se

le practicó una coloctomía. El 2 de noviembre de 1992 Feliciano Figueroa y varios familiares demandaron a Toste Piñero en el Tribunal Superior, Sala de Guayama, en daños y perjuicios reclamándole doscientos veinticinco mil dólares ($225,000) por sufrimientos físicos y mentales, más dos mil dólares ($2,000) de gastos médicos.

Como consecuencia de esos hechos se ventilaron los Casos Criminales Núms. GVI-92-G-0043, GLA-92-G0200, G0201 contra Toste Piñero por tentativa de asesinato y violación de los Arts. 6, 7 y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416, 417 y 418. El 5 de marzo de 1993 el Tribunal Superior (Hon. Carlos Rivera Martínez, Juez), previa *alegación de culpabilidad*, lo sentenció a seis (6) años de cárcel por la tentativa de asesinato y a tres (3) años de cárcel, respectivamente, por los Arts. 6 y 7 de la Ley de Armas de Puerto Rico, *supra; todas concurrentes*. La sentencia fue suspendida conforme la Ley Núm. 259 de 3 de abril de 1946, según enmendada, sujeta a doce (12) condiciones generales y a cinco (5) especiales.

Entretanto, como parte de los trámites en el caso civil, se le cursó a Toste Piñero unos interrogatorios en los cuales se le preguntó si era propietario " 'solo o conjuntamente con otra persona de algún bien inmueble" '. Moción para mostrar causa, pág. 2. *Bajo juramento, lo negó.* Sin embargo, un estudio registral reveló a Feliciano Figueroa que para el 2 de abril de 1993 constaba inscrita en el Registro de la Propiedad de Caguas, Sec. Primera, la Finca Núm. 14,472(1) a nombre de Toste Piñero y su esposa Carmen Sánchez.

Advertido de ese hecho, para evitar la enajenación de bienes, el 21 de mayo de 1993 Feliciano Figueroa solicitó el aseguramiento de sentencia mediante embargo y prohibi-

---

(1) Folios Núms. 18 al 23 y 84 al 87 de los Tomos 392 y 430, según surgía de las inscripciones 1ra y 7ma.

Certificación relativa a la finca número 14,472 inscrita en el Folio Núm. 18 del Tomo 392 de Cayey y expedida por el Registrador de la Propiedad, Sec. Primera de Caguas, el 2 de abril de 1993 a solicitud de Jaime Feliciano Figueroa.

ción de enajenar. Posteriormente, el 29 de mayo y 1ro de junio aparecieron publicados en el periódico *El Vocero de Puerto Rico* dos (2) clasificados sobre venta de un inmueble cuya descripción coincidía con la antes mencionada propiedad de Toste Piñero y esposa.

El 4 de junio de 1993 se celebró una vista evidenciaria. Analizada la prueba, incluso la contestación del *interrogatorio antes referido*, el tribunal (Hon. Dante A. Rodríguez Sosa, Juez) accedió al embargo y la prohibición de enajenar *sin previa fianza*. El embargo quedó debidamente inscrito el 11 de junio de 1993, Tomo 692, Folio Núm. 295, Asiento 590. A solicitud de Toste Piñero, revisamos.[2]

## II

■ Sabido es que la Regla 56.3 de Procedimiento Civil, *supra*, autoriza la concesión de un remedio provisional *sin fianza, "[s]i apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible ..."*. (Énfasis suplido.)

A la luz de la sentencia del caso criminal *por los mismos hechos*, en que Toste Piñero *hizo alegación de culpabilidad* por tentativa de asesinato e infracciones a los Arts. 6 y 7 de la Ley de Armas de Puerto Rico, *supra*, la excepción en la Regla 56.3 de Procedimiento Civil, *supra*, gobierna la solución de este incidente. Nos explicamos.

■ Son documentos públicos "los autorizados por un notario o empleado público competente, con las solemnida-

---

[2] En su recurso argumenta:

"1. Erró el Honorable Tribunal al decretar el embargo, y embargar todos los bienes, muebles e inmuebles, de la parte demandada, sin requerir fianza alguna, en violación de la Regla 5[6] de las Reglas de Procedimiento Civil de 1979.

"2. La imposición de un embargo a todos los bienes muebles e inmuebles de una familia antes de la sentencia, sin requerimiento de fianza y sin prueba de circunstancias excepcionales viola el derecho del debido proceso de ley según definido en *Connecticut v. Doehr*, 111 S.Ct. 2105 (1990)." Petición de *certiorari*, pág. 3.

des requeridas por la ley". Art. 1170 del Código Civil, 31 L.P.R.A. sec. 3271. Desde principios de siglo determinamos que las sentencias judiciales gozan de esa cualidad. *Vélez v. Camacho et al.*, 8 D.P.R. 37 (1905). Como tales, "hacen prueba, aun contra tercero, del hecho que motiva su otorgamiento y de la fecha de éste. También harán prueba contra los contratantes y sus causahabientes, en cuanto a las declaraciones que en ellos hubiesen hecho los primeros". Art. 1172 del Código Civil, 31 L.P.R.A. sec. 3273.

■ La sentencia penal por tentativa de asesinato contra Toste Piñero es un documento público, pues fue autorizada por un funcionario público competente —Juez Superior Rivera Martínez— cumpliendo las solemnidades requeridas por ley. Bajo la Regla 65(V) de Evidencia, 32 L.P.R.A. Ap. IV,[3] como excepción a la regla de prueba de referencia, es admisible en evidencia en uno civil posterior por corresponder a una convicción anterior por delito grave.[4] Además, como se originó en una alegación de culpabilidad por el mismo delito imputádo originalmente, sería también admisible como *admisión de parte*. Regla 62 de Evidencia, 32 L.P.R.A. Ap. IV.

---

[3] En lo pertinente dispone:

"Es admisible como excepción a la regla de prueba de referencia aunque el declarante esté disponible como testigo: .

"(V)Sentencia por convicción previa: Evidencia de una sentencia final, tras un juicio o declaración de culpabilidad, declarando a una persona culpable *de delito grave*, ofrecida para probar cualquier hecho esencial para sostener la sentencia de convicción. La pendencia de una apelación no afectará la admisibilidad bajo esta regla, aunque podrá traerse a la consideración del tribunal el hecho de que la sentencia de convicción aún no es firme. Esta regla no permite al Pueblo en una acción criminal ofrecer en evidencia la sentencia de convicción de una persona que no sea el acusado, salvo para fines de impugnación de un testigo." (Énfasis suplido y en el original.) Regla 65(V) de Evidencia, 32 L.P.R.A. Ap. IV.

[4] El delito de asesinato acarrea la pena *fija* de noventa y nueve (99) años de prisión, Art. 84 del Código Penal, 33 L.P.R.A. sec. 4003, y su tentativa, la mitad de la pena para el delito consumado, sin exceder ésta de diez (10) años. Art. 27 del Código Penal, 33 L.P.R.A. sec. 3122.

Claramente la sentencia de convicción por tentativa de asesinato *como delito grave* es admisible en esta etapa para efectos del dictamen interlocutorio de eximir fianza.

Este trámite y trasfondo lo distinguen de *Maysonet v. Granda*, 133 D.P.R. 676 (1993).

## III

■ Establecida su admisibilidad, "[e]n estricta justicia y visto el efecto devastador que tiene *la admisión del documento condenatorio* para establecer 'que la obligación es exigible' no existe base sustancial que impida no acceder a una solicitud de aseguramiento de sentencia sin previa prestación de fianza en tales casos por la alta probabilidad de que la sentencia impondrá algún tipo de responsabilidad civil con la admisión de dicho documento en evidencia". (Énfasis en el original suprimido y énfasis suplido.) J.A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, Pubs. J.T.S., 1986, pág. 342. Se trata de un documento público mediante el cual puede el " 'juez venir en conocimiento de que realmente la obligación existe y pueda reclamarse' ". (Énfasis en el original suprimido.) *Marty v. Ramírez*, 73 D.P.R. 165, 170 (1952).

En resumen, la declaración de culpabilidad de Toste Piñero por el delito de tentativa de asesinato, como sentencia condenatoria admisible en evidencia en este caso civil, hizo innecesaria la fianza previa al embargo.

## IV

No tiene razón el peticionario Toste Piñero de que el tribunal violó el debido proceso de ley al no exigir prueba de circunstancias excepcionales.

En *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 D.P.R. 881 (1993) —a la luz de *Connecticut v. Doehr*, 501 U.S. 1 (1991)— reiteramos que en todo procedimiento adversativo el debido proceso de ley debe satisfacer los requisitos siguientes: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contrainterrogar testigos y examinar eviden-

cia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se fundamente en el récord.

Aquí los autos revelan que el peticionario Toste Piñero fue notificado el 24 de mayo de la vista en que se discutiría la moción solicitando aseguramiento de sentencia. Estuvo representado por su abogado y tuvo amplia oportunidad de confrontar e impugnar la prueba presentada en su contra. No hay fundamento para sostener su contención.

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Rebollo López emitió una opinión concurrente.

— O —

Opinión concurrente emitida por el Juez Asociado Señor Rebollo López.

Como *norma general*, y conforme ello surge de una lectura integral de las disposiciones de las Reglas 56.2 y 56 .3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, para que un tribunal pueda emitir, a solicitud de un reclamante, un *remedio provisional* con el propósito de asegurar la efectividad de una sentencia se tiene que cumplir con tres (3) requisitos, *a saber*: (1) se deberá notificar a la parte adversa de la solicitud del remedio en controversia; (2) celebrar una vista al efecto; y (3) se deberá exigir la prestación de una fianza por parte del reclamante.

En la situación en que se solicita, como remedio provisional, una orden de embargo, *dicha norma general tiene sus excepciones.* Recientemente tuvimos ocasión de expresarnos sobre las mismas. En *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 D.P.R. 881 (1993),[1] al interpretar y modificar —conforme a la decisión emitida por el Tribunal

---

[1] 93 J.T.S. 111.

Supremo de los Estados Unidos en *Connecticut v. Doehr*, 501 U.S. 1 (1991)— lo dispuesto por la Regla 56.4 de Procedimiento Civil, 32 L.P.R.A. Ap. III, resolvimos que un tribunal únicamente podía expedir una orden de embargo, *sin que se cumplan con los requisitos de notificación a la parte adversa y la celebración de vista previa*, cuando el reclamante ha alegado o demostrado la existencia de un interés previo propietario sobre la cosa embargada; cuando ha alegado o demostrado la probabilidad de prevalecer mediante prueba documental fehaciente de la cual se desprenda que la deuda es una líquida, vencida y exigible; cuando ha alegado o demostrado la existencia de circunstancias extraordinarias.(²) *En otras palabras*, y dicho de manera más sencilla, resolvimos que, la prestación de una fianza por el reclamante, *no* releva al tribunal de su obligación de velar porque se notifique a la otra parte, y de celebrar una vista previa, *a menos que* se dé una (1) de las tres (3) situaciones de excepción antes mencionadas.

Por otro lado, *y en cuanto al requisito de la prestación de fianza*, sólo se podrá eximir al reclamante del cumplimiento con este requisito en las tres (3) situaciones que contempla la citada Regla 56.3 de Procedimiento Civil, *a saber*:

(1)Si apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramento, que la obligación es legalmente exigible; o

(2)Cuando se tratare de un litigante insolvente que estuviere expresamente exceptuado por ley para el pago de aranceles y

---

(²) En *Rivera Rodríguez & Co. v. Lee Stowell, etc.*, 133 D.P.R. 881, 894 (1993), se definió circunstancias extraordinarias como "aquellas en las que se demuestra que existen razones que llevan a pensar que el demandado está llevando a cabo actos encaminados a transferir o gravar sus propiedades de manera tal que impida la ejecución en su día de una sentencia que le fuera eventualmente adversa". Cabe señalar que, según alega la parte demandante recurrida, el caso de autos también presenta este tipo de circunstancia extraordinaria; ello en vista de su alegación de que el demandado recurrente puso a la venta el inmueble de su propiedad sito en Cayey, cuyo embargo se había solicitado, con el propósito de impedir la ejecución de la sentencia que en su día pudiera recaer en su contra.

derechos de radicación y a juicio del tribunal la demanda adujere hechos suficientes para establecer una causa de acción cuya probabilidad de triunfo fuere evidente o pudiere demostrarse, y hubiere motivos fundados para temer, previa vista al efecto, que de no obtenerse inmediatamente dicho remedio provisional, la sentencia que pudiera obtenerse resultaría académica porque no habría bienes sobre los cuales ejecutarla; o
(3)Si se gestionare el remedio después de la sentencia.

No puede enfatizarse lo suficiente el hecho de que para que un tribunal pueda eximir a un reclamante, ya de los requisitos de notificación a la parte adversa y celebración de vista previa, ya del requisito de prestación de fianza, *se tienen que dar las situaciones eximentes correspondientes a cada uno de dichos requisitos de forma separada ya que el cumplimiento con unos no releva, automáticamente, del incumplimiento con otro de los requisitos.* En otras palabras, el *mero* hecho de que se haya notificado a la parte adversa y se haya celebrado una vista previa *no* releva, por sí solo, del requisito de prestar fianza para garantizar los daños que el embargo pueda ocasionar *como tampoco* a la inversa; esto es, la *mera* prestación de una fianza no exime, de manera automática, de la notificación y la celebración de vista previa.

Con ello en mente, consideramos la situación de hechos del caso ante nuestra consideración. Coincidimos con la Opinión mayoritaria en que la sentencia en un caso criminal, *demostrativa de una alegación de culpabilidad del demandado en relación con los mismos hechos sobre el cual versa el caso civil,* cumple prima facie con la primera de las tres situaciones que contempla la citada Regla 56.3 de Procedimiento Civil, esto es, cuando "apareciere de documentos públicos o privados, según definidos por ley, firmados ante una persona autorizada para administrar juramentos, que la obligación es legalmente exigible ..."; razón por la cual parece ser, prima facie, que el reclamante en el presente caso debe y puede ser eximido del requisito de prestar fianza.

Uno de los documentos a los que obviamente se refiere la citada Regla 56.3 —al hablar de documento público o privado, firmado ante persona autorizada, del cual surja que la obligación es legalmente exigible— es un pagaré personal vencido, autorizado ante notario, del cual no sólo surge que la obligación es legalmente exigible sino que surge la cantidad de dinero por la cual el demandado, prima facie, le es responsable al reclamante; deuda que es líquida, vencida y exigible. Ello le permite, o pone en posición, al tribunal no sólo de eximir al reclamante del requisito de fianza sino que de ordenar el embargo de propiedad del demandado por un valor similar a la deuda que surge del documento sin la necesidad de cumplir con los requisitos de notificación y celebración de vista.

*Ello no sucede con la sentencia en controversia en el presente caso.* De la misma surge, no hay duda, una responsabilidad u obligación que es, prima facie, legalmente exigible; razón por la cual se puede eximir al reclamante del requisito de prestación de fianza. *No surge, sin embargo, de dicha sentencia cuál es la cuantía de esos daños.* En otras palabras, no obstante esta sentencia ser demostrativa de la existencia de una obligación legalmente exigible, la misma *no* releva a la parte demandante, ni al tribunal, del cumplimiento con los requisitos de notificación y vista previa, donde se deberá determinar la cuantía del embargo.[3]

Ahí, precisamente, la razón de lo antes expresado a los efectos de que el hecho de que pueda eximirse al reclamante del cumplimiento con uno (1) de los tres (3) requisitos, *no* releva al tribunal de velar por el fiel cumplimiento de los otros requisitos. Esto es, *en el presente caso*, no obstante el reclamante estar en una de las tres (3) situaciones,

---

[3] Debe recordarse que dicha sentencia es tan sólo admisible en una acción de daños y perjuicios como prueba sustantiva de los hechos ocurridos en la acción penal por delito grave, lo cual admite admite prueba en contrario. *Maysonet v. Granda,* 133 D.P.R. 676 (1993).

o excepciones, que lo relevan de prestar fianza, *tenía que cumplirse con el requisito de notificación a la otra parte y con el requisito de celebración de vista previa*; vista donde el tribunal venía en la obligación de *exigir prueba* sobre los alegados daños sufridos por la parte reclamante *con el propósito de que dicho foro pudiera emitir una orden de embargo por una suma que se ajustara, en todo lo posible, a la cuantía de dichos daños.*

De la Opinión mayoritaria surge que el tribunal de instancia celebró una vista. Desconocemos qué sucedió en la misma. Se *presume* la corrección de los procedimientos judiciales; en consecuencia, *partimos de la premisa* que en dicha vista el tribunal exigió, y recibió, antes de emitir la orden de embargo, *prueba sobre los alegados daños sufridos por la parte demandante* y, por ende, que la orden emitida autoriza el embargo de bienes de la parte demandada por una suma de dinero que, dentro de lo posible, se ajusta, o corresponde, a los daños sufridos.

A base de ello, es que *concurrimos* con la Opinión mayoritaria emitida por el Tribunal en el presente caso.