# 2001 DTA 172

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL II DE BAYAMON, PANEL II

ANTILLES INSURANCE CO., GENERAL MOTORS ACCEPTANCE
Demandantes-Apeladas

v.

ESTADO LIBRE ASOCIADO DE PUERTO RICO, HON. SECRETARIO DE JUSTICIA
Demandados-Apelantes

Núm. KLAN-01-00051

San Juan, Puerto Rico, a 23 de mayo de 2001

Panel integrado por su Presidente, el Juez Arbona Lago,
y los Jueces Urgell Cuebas y Aponte Hernández

## TEXTO COMPLETO DE LA SENTENCIA

El Estado Libre Asociado de Puerto Rico nos solicita que revisemos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, mediante la cual se declaró con lugar la impugnación de la confiscación presentada por la demandante, Antilles Insurance Company (Antilles), sobre un vehículo de motor, el cual fue financiado por First Bank, acreedor condicional. Antilles representa a First Bank por ser su aseguradora.

El 8 de abril de 2000, la Policía de Puerto Rico intervino con el vehículo de motor marca Dodge Intrepid 1994, tablilla BRI-428. Dicho vehículo fue abandonado por sus ocupantes, cuando éstos se percataron de la presencia de los agentes Miguel Arroyo Méndez y Félix Quiles. El vehículo fue abandonado con las puertas abiertas, por lo que los agentes pudieron observar dos bolsas con sello a presión cuyo contenido aparentaba ser picadura de marihuana. Luego de ocupar la evidencia, se acercó a los agentes el dueño del vehículo, Sr. Ricardo González, y los agentes le indicaron el hallazgo y procedieron a detenerlo junto a sus ocupantes. Los detenidos fueron conducidos a la Unidad de Saturación Criminal de Bayamón, donde se le tomaron sus datos personales. El análisis de la sustancia ocupada arrojó un resultado positivo a marihuana.

El caso fue consultado con el Fiscal Enrique Rivera Mendoza, quien ordenó la liberación de los detenidos por no haber prueba suficiente para vincularlos con la posesión de la sustancia controlada que fuera ocupada, pero ordenó la ocupación del vehículo por haber sido utilizado en la transportación de sustancias controladas.

El 24 de abril de 2000, el Secretario de Justicia notificó al dueño del vehículo y demás partes con interés sobre la confiscación. Se hizo constar lo siguiente:

*"Por la presente, le notifico que en virtud de la autoridad que me confiere la Ley Núm. 93 del 13 de julio de 1988, se procedió a la confiscación del vehículo marca Dodge Intrepid, año 1994, tablilla BRI-428, que aparece registrado a nombre de Ricardo González González en la División de Vehículos de Motor del Departamento de Transportación y Obras Públicas de Puerto Rico, el cual ha sido tasado en la cantidad de $5,2000.00.*

*La ocupación en cuestión se verificó el día 8 de abril de 2000, y obedeció a que el día 8 de abril de 2000, el referido vehículo se usó en violación a la Ley Sust. Controladas Art. 404 en Bayamón, Puerto Rico.*

*Notifico a usted que la confiscación mencionada e iniciada mediante ocupación que por la presente le notificamos, puede ser impugnada dentro de los quince días al recibo de esta notificación ante la Sala del Tribunal Superior de Puerto Rico correspondiente mediante demanda a esos efectos y posteriormente tiene derecho usted, a prestar fianza a satisfacción del Tribunal por el importe de la tasación que le informo del mencionado vehículo, la cual podrá ser moneda legal, o efectivo o money order o cheque certificado y deberá ser consignada en el Tribunal dentro de los quince días siguientes a la radicación de la demanda.*

*Cordialmente,*

*Angel E. Rotger Sabat*

*Secretario de Justicia*

*Juan M. Tirado Ríos*
*Director División de Confiscaciones*

*Juan M. Tirado Ríos*
*Director Ejecutivo Int. Junta de Confiscaciones*

*Lcdo(a). Lilliam Cabrera Plá*
*Fiscal Especial"*

La anterior comunicación fue recibida por First Bank el 27 de abril de 2000. El 8 de mayo de dicho año, Antilles presentó una demanda de impugnación de confiscación contra el Estado Libre Asociado de Puerto Rico y el Secretario de Justicia. Ese mismo día fue emplazado el Secretario de Justicia.

También, el 8 de mayo de 2000, Antilles presentó una moción sobre prestación de fianza y solicitud de orden para que el vehículo le fuese entregado. El 19 de mayo de 2000, el tribunal ordenó la entrega.

Así las cosas, el 25 de mayo de 2000, el Estado presentó una moción de desestimación de la demanda de impugnación de confiscación alegando que Antilles no incluyó como parte demandada al Superintendente de la Policía, quien fue el funcionario que autorizó la ocupación del vehículo confiscado, conforme lo requiere el Art. 8 de la Ley Núm. 93 de 13 de julio de 1988, 34 L.P.R.A. sec. 1723f.

El 26 de junio de 2000, el tribunal *a quo* ordenó a Antilles expresarse sobre la referida moción de desestimación. El 18 de julio, dicha parte cumplió con la orden exponiendo, entre otros argumentos, que no procedía la desestimación, puesto que el Secretario de Justicia omitió incluir o identificar en la Carta de Notificación, al funcionario que autorizó la ocupación. Sostuvo, además, que por primera vez se enteró de que había sido el Superintendente de la Policía el que ocupó el vehículo cuando ello se indicó en la moción de desestimación del Estado.

Luego de otros escritos presentados por las partes, el tribunal citó a una vista, la cual se celebró el 13 de octubre de 2000, para discutir los planteamientos respecto a la desestimación del caso. Celebrada la misma, el tribunal declaró no ha lugar la moción de desestimación del Estado. Sin embargo, en vista de que el Estado no había contestado la demanda dentro del término de veinte días siguientes al emplazamiento, según requiere el Art. 8 de la Ley Núm. 93, *supra*, dio por probadas las alegaciones de Antilles. Así se recoge en la minuta del tribunal que forma parte del apéndice.

El 31 de octubre de 2000, el tribunal dictó sentencia, la cual fue notificada el 14 de noviembre de dicho año. La misma se basó en el incumplimiento del Estado de contestar la demanda dentro del término antes referido.

No conforme con la sentencia, el Estado presentó el recurso de apelación que aquí nos concierne, señalando la comisión de los siguientes errores:

*"PRIMER ERROR*

*ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR QUE EL ESTADO HABÍA INCUMPLIDO CON LAS DISPOSICIONES DEL ARTICULO 3 DE LA LEY NUM. 93 DE 13 DE JULIO DE 1988, AL OMITIR EL NOMBRE DEL FUNCIONARIO QUE AUTORIZO LA OCUPACION DEL VEHICULO CONFISCADO.*

*SEGUNDO ERROR*

*ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL DETERMINAR QUE EL TERMINO DE VEINTE (20) DIAS PARA QUE EL SECRETARIO DE JUSTICIA FORMULE SUS ALEGACIONES, SEGUN DISPUESTO POR EL ARTICULO 8 DE LA LEY NUM. 93, SUPRA, ES DE CARACTER JURISDICCIONAL.*

*TERCER ERROR*

*ERRO EL HONORABLE TRIBUNAL DE INSTANCIA AL NO CONCEDER EL TERMINO DE DIEZ (10) DIAS PARA CONTESTAR LA DEMANDA LUEGO DE QUE EL TRIBUNAL RESUELVE UNA MOCION DE DESESTIMACION POR FALTA DE JURISDICCION, SEGUN CONTEMPLADO POR LA REGLA 10.1 DE LAS DE PROCEDIMIENTO CIVIL DE 1979."*

Oportunamente, Antilles presentó su alegato, por lo que estamos en posición de resolver.

En el primer señalamiento de error, sostiene el Estado que la Ley Núm. 93, *supra*, *"no requiere expresamente que la notificación identifique al funcionario autorizante"*. Por lo tanto, sostiene que la omisión de esa información en la comunicación cursada, no releva a la parte promovente de incluir en su demanda al funcionario que ocupó el vehículo para confiscación. Aduce, que el acreedor condicional puede obtener dicha información directamente de la propia Junta de Confiscaciones El argumento expuesto por el Estado a todas luces es frívolo e inmeritorio. Cómo es posible que se pretenda penalizar a la parte que impugna la confiscación por no incluir en la demanda al funcionario que autorizó la ocupación del vehículo objeto de confiscación, cuando en la comunicación oficial no se informa, y se trata de un procedimiento de naturaleza sumaria, en el que los términos para radicar y emplazar son reducidos y de carácter jurisdiccional. La propuesta del Estado para que el demandante *"consulte a la Junta de Confiscaciones"* a tal respecto, resulta ilusorio y violenta el debido procedimiento en su vertiente procesal. *Feliciano Figueroa v. Toste Piñero*, 134 D.P.R. 909, 914 (1993), *Domínguez Talavera v. Trib. Sup.*, 102 D.P.R. 423 (1974).

No erró el Tribunal de Primera Instancia al declarar sin lugar la moción de desestimación del Estado bajo estas circunstancias. En este caso se demandó al funcionario que notificó de la confiscación al Secretario de Justicia, así como al Estado.

En el segundo y tercer error, los cuales discutiremos conjuntamente, plantea el Estado que no procedía dictar sentencia en su contra por el hecho de que no se contestase la demandan dentro del término de veinte días que dispone el Art. 8 de la Ley Núm. 93, *supra*. También plantea que no se le concedió un término para contestar la demanda, luego de que el tribunal resolviese denegando la moción de desestimación que se presentó, en la que se alegó falta de jurisdicción de dicho foro. Respecto a estos señalamientos de errores tiene razón el Estado, puesto que el término provisto en el Art. 8, *supra*, para que el Secretario de Justicia formule sus alegaciones, no es uno jurisdiccional, según interpretó el Tribunal de Primera Instancia en su sentencia.

El primer párrafo del Art. 8 de la Ley Núm. 93, *supra*, dispone como sigue:

*"Las personas notificadas a tenor con lo dispuesto en esta ley podrán impugnar la confiscación dentro de los quince (15) días siguientes a la fecha en que se reciba la notificación mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los treinta (30) días siguientes a la fecha en que se recibió la notificación. Estos términos son jurisdiccionales. El Secretario de Justicia formulará sus alegaciones dentro de los veinte (20) días de haber sido emplazado."*

Como puede apreciarse, son jurisdiccionales los términos para presentar la demanda de impugnación y el término para emplazar al Secretario de Justicia, no así el término para contestar la demanda de impugnación.

Por otro lado, la Regla 10.2 dispone como sigue:

*"Toda defensa de hechos o de derecho contra una reclamación en cualquier alegación, ya sea demanda, reconvención, demanda contra coparte, o demanda contra tercero, se expondrá en la alegación respondiente que se haga a las mismas, en caso de que se requiera dicha alegación respondiente, excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique un remedio; (6) dejar de acumular a una parte indispensable. Una moción en que se formule cualesquiera de estas defensas deberá presentarse antes de alegar, si se permitiere una alegación adicional...".* (Énfasis suplido.)

Por su parte, la Regla 10.1 de las de Procedimiento Civil, en su segundo párrafo establece que:

*"...*

*La notificación de una moción permitida por esta regla altera del modo siguiente los términos arriba prescritos, a menos que por orden del tribunal se fije un término distinto: (1) si el tribunal deniega la moción o pospone su resolución hasta que se celebre el juicio en sus méritos, la alegación correspondiente deberá ser notificada dentro de los diez (10) días siguientes a la notificación de la orden del tribunal...".*

Aunque el Art. 8, *supra*, dispone que el Secretario de Justicia deberá alegar dentro de los veinte (20) días de haber sido emplazado, por otro lado, la Regla 10.2 de Procedimiento Civil, *supra*, permite que se presente una alegación de falta de jurisdicción antes de alegar. La realidad es que si se está cuestionando la jurisdicción del tribunal para entender en la causa, era permisible que antes de que se contestase la demanda, se dilucidase y se resolviese la misma. La moción de desestimación por falta de jurisdicción interrumpe el término para presentar las alegaciones responsivas, hasta tanto el tribunal tome acción respecto a ésta.

En vista de lo anterior, erró el tribunal *a quo* al dar por probadas las alegaciones de la demanda sin concederle al Estado un término para contestar las alegaciones, según provee la Regla 10.1 de las de Procedimiento Civil, *supra*.

Por las consideraciones anteriores, se revoca la sentencia y se devuelve el caso al Tribunal de Primera Instancia de manera que se permita al Estado formular sus alegaciones responsivas a la demanda. Los procedimientos continuarán cónsono con lo aquí resuelto.

Así lo pronunció y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General