Coll Martí, Jueza Ponente
TEXTO COMPLETO DE LA RESOLUCIÓN
Comparece el Sr. Luis Antonio Gómez González y su ex esposa, la Sra. Raquel Núñez Reynes, en adelante los peticionarios, mediante recurso de Certiorari en el que solicitan la revisión de una Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, en la que se declaró Ha Lugar una Moción de Desestimación por “res judicata” que fue presentada por el Sr. Jorge Osorio Andino.
Por los fundamentos que se discuten a continuación, EXPEDIMOS el recurso de Certiorari y SE MODIFICA la Resolución emitida por el Tribunal de Primera Instancia y, así modificada, SE CONFIRMA.
I
El Sr. Jorge Osorio Andino, en adelante el recurrido, presentó una demanda en contra de los peticionarios y el *941 Estado Libre Asociado de Puerto Rico en la que solicitó que ordenara a los peticionarios que permitieran el acceso a su propiedad, pues, alegadamente, los peticionarios habían construido una verja en concreto en donde ubicaban los portones que daban acceso a la casa del recurrido.
Los recurridos fueron emplazados el día 31 de marzo de 2004. El 4 de mayo de 2004, los recurridos solicitaron al Tribunal de Primera Instancia que anotara la rebeldía a los peticionarios por no haber contestado la demanda dentro del término que proveen las Reglas de Procedimiento Civil. El Tribunal de Primera Instancia anotó la rebeldía a los peticionarios.
Por su parte, los peticionarios presentaron una Moción de Sentencia Sumaria en la que solicitaron que se desestimara la demanda por no contener una descripción adecuada de su propiedad que se encuentra envuelta en la controversia. El Tribunal de Primera Instancia declaró No Ha Lugar la Moción de Sentencia Sumaria.
El Estado Libre Asociado de Puerto Rico, en adelante el E.L.A., contestó la demanda. El recurrido solicitó permiso para enmendar la demanda y le fue concedido por el Tribunal de Primera Instancia. El Estado Libre Asociado contestó la demanda enmendada. Los peticionarios no contestaron la demandada original y tampoco la enmendada, a pesar de que fueron notificados a través de su representación legal.
El Tribunal de Primera Instancia señaló la conferencia con antelación al juicio para el 21 de octubre de 2004. La representación legal del recurrido estuvo presente, mas no así la representación legal del E.L.A. ni la representación legal de los peticionarios. Ante la ausencia de ambos, el Tribunal de Primera Instancia impuso una sanción a los abogados ausentes de $150.00 y señaló la conferencia con antelación al juicio para el 25 de enero de 2005. Ordenó el tribunal, además, que los abogados del E.L.A. y los peticionarios se reunieran el día 8 de noviembre de 2004 con el abogado del recurrido para preparar el informe con antelación al juicio, y se les advirtió a los abogados que de no comparecer, se les eliminarían las alegaciones a sus clientes.
El informe de conferencia con antelación al juicio fue preparado por la representación legal del E.L.A. y la representación legal de los recurridos, sin el insumo del abogado de los peticionarios, debido a que estuvo ausente en las reuniones pautadas para la preparación del informe con antelación al juicio. Dicho informe fue presentado el día 25 de enero de 2005 en la vista de conferencia con antelación al juicio, fecha en la que tampoco compareció la representación legal de los peticionarios.
El recurrido y el E.L.A. redactaron una estipulación en la que se solicitaba al Tribunal de Primera Instancia que ordenara al peticionario a romper, a su costo, la verja de concreto que se encontraba donde alegadamente estaba ubicado el portón de acceso a la propiedad del recurrido y que también se ordenara al Registrador de la Propiedad que inscribiera una servidumbre de paso a favor del recurrido, que transcurre por la propiedad de los peticionarios.
El 1 de marzo de 2005, el Tribunal de Primera Instancia dictó Sentencia por Estipulación. La Sentencia fue notificada a todas las partes el 18 de marzo de 2005, incluyendo al abogado de los peticionarios. Alegan los peticionarios que ni el tribunal, ni su abogado les notificó de la Sentencia dictada en su contra.
El 27 de abril de 2005, el recurrido solicitó que se emitiera Orden en cumplimiento de Sentencia, que para esa fecha había advenido final y firme. En atención a dicha moción, el 11 de julio de 2005, el tribunal emitió una Orden a los alguaciles del tribunal para que “demolieran la verja de bloques y concreto que bloquea el derecho de paso del predio perteneciente al [...] recurrido para que se establezca la servidumbre de paso. ” El Tribunal de Primera Instancia ordenó también al Registrador de la Propiedad que procediera inscribir una servidumbre de 25 metros a favor del recurrido en los predios del peticionario.
El 8 de noviembre de 2005 se le notificó a los peticionarios personalmente que el día 14 de noviembre de *942 2005 se ejecutaría la Orden emitida por el tribunal. El 9 de noviembre de 2005, los peticionarios se opusieron a la Orden mediante moción presentada en el Tribunal de Primera Instancia en la que solicitaron que se celebrara una vista evidenciaría. La moción fue declarada No Ha Lugar por el tribunal.
La representación legal de los peticionarios presentó un escrito ante este foro en el que cuestionaba la validez de la Orden emitida por el Tribunal de Primera Instancia. El 13 de mayo de 2006, los peticionarios desistieron del recurso.
Aun cuando los alguaciles derribaron la verja de los peticionarios aproximadamente para el mes de diciembre de 2005, éstos alegan que desconocían de la Orden emitida por el tribunal hasta abril de 2006 cuando fueron al Tribunal de Primera Instancia y examinaron la Sentencia que constaba en su expediente. Los peticionarios le solicitaron a su abogado que renunciara al caso. El 2 de junio de 2006, el abogado de los peticionarios solicitó al Tribunal de Primera Instancia permiso para renunciar al caso y así fue concedido.
El 6 de julio de 2006, los peticionarios radicaron una demanda en la que acumularon una causa de acción por impericia profesional contra del Lie. Thomas Jimmy Rosario Martínez en la que se solicita compensación por alegados daños sufridos, una solicitud de relevo de Sentencia por Nulidad y una acción de daños y perjuicios contra el recurrido. En síntesis, los peticionarios alegaron que la Sentencia por Estipulación y las órdenes posteriores dictadas por el tribunal eran nulas por haber sido dictadas sin jurisdicción, toda vez que los. peticionarios no fueron parte de la estipulación que dio base a la Sentencia.
Alegaron, además, los peticionarios, que el Tribunal de Primera Instancia ha violentado su derecho a un debido proceso de ley, contenido en la sección 7 del Artículo II del la Constitución de Puerto Rico, al dictar una Sentencia que los priva de su propiedad sin celebrar una vista evidenciaría donde pudiesen contrainterrogar a los testigos y sin que la Sentencia les fuese notificada. Posteriormente, los peticionarios enmendaron la demanda para incluir al E.L.A. como codemandado debido a que éste había sido parte del pleito inicial y solicitaron al tribunal que ordenara al E.L.A. que los indemnizara por los alegados daños sufridos como consecuencia de sus acciones.
El recurrido compareció ante el Tribunal de Primera Instancia mediante moción solicitando la desestimación de la causa de acción de Nulidad de Sentencia en su contra alegando que era de aplicación la doctrina de cosa juzgada y que los peticionarios no atacaron la validez de la Sentencia según dispone la Regla 49. 2 de Procedimiento Civil, 32 L.P.R.A. Ap. El, R. 49.2. Los peticionarios se opusieron a la moción de desestimación-planteando que la Sentencia no es cosa juzgada, ya que es nula y que, por lo tanto, el término de 6 meses de la Regla 49.2, supra, no le es de aplicación. El Tribunal de Primera Instancia desestimó la demanda acogiendo los planteamientos del recurrido e impuso a los peticionarios el pago de $1,500.00 en concepto de honorarios de abogado por haber presentado una acción frívola.
Inconforme con las determinaciones del Tribunal de Primera Instancia, los peticionarios instaron el presente recurso de Certiorari y hacen los siguientes señalamientos de error:

“(1) Erró el Tribunal de Primera Instancia al concluir que para atacar la sentencia por estipulación de las partes dictadas el 1 de marzo de 2005 en el caso DAC2004-1065 había que seguir el procedimiento de la Regla 49.2 de Procedimiento Civil.

(2) Erró el Tribunal de Primera Instancia al concluir que para atacar la sentencia por estipulación de las partes dictadas el 1 de marzo de 2005 en el caso DAC2004-1065 había que radicar la solicitud en los siguientes 6 meses luego de dictada la sentencia y que se podrá relevar sólo por nulidad de sentencia por falta de jurisdicción sobre la materia o de la persona.

(3) Erró el Tribunal de Primera Instancia al concluir que para atacar la sentencia por estipulación de las 
*943
partes dictadas el 1 de marzo de 2005 en el caso DAC2004-1065 es válida y que en este caso aplica la doctrina de cosa juzgada.

(4) Erró el Tribunal de Primera Instancia al concluir que los peticionarios radicaron una acción frívola e imponerle el pago de $1,500.00 en concepto de honorarios de abogado al recurrido. ”

Con el beneficio de la comparecencia del recurrido mediante su alegato, nos encontramos en posición de atender el recurso.
II
Relevo de Sentencia
La Regla 49.2 de las de Procedimiento Civil, supra, preserva un interés fundamental de estabilidad y certeza de los procedimientos judiciales al establecer un término fatal de seis meses para solicitar el relevo de Sentencia, al fijar en términos precisos las razones para el mismo y, al excluir el error judicial, a distinción del error de la parte, como fundamento del remedio. Banco Popular v. Tribunal Superior, 82 D.P.R. 242 (1961).
No obstante, siempre se ha reconocido la facultad inherente del tribunal, ya sea a su propia instancia o a instancia de parte interesada o afectada, para dejar sin efecto en cualquier momento una sentencia nula u obtenida mediante fraude. Calderón Molina v. Federal Land Bank, 89 D.P.R. 704 (1963).
El esquema amplio y abarcador de remedios que provee la Regla 49.2 de las de Procedimiento Civil, supra, reduce considerablemente el ejercicio de acciones independientes en las que el tribunal puede entender cuando ha transcurrido el término fatal de seis meses desde que se dictó la sentencia, haciendo necesario que las circunstancias sean de tal índole que el tribunal pueda concluir que mantener la sentencia constituiría una grave injusticia contra una parte que no ha sido negligente en el trámite de su caso y que, además, tiene una buena defensa en sus méritos. Figueroa v. Banco de San Juan, 108 D.P.R. 680 (1979). (Énfasis suplido.) Se admite generalmente el ejercicio de la acción independiente en casos de sentencias nulas, ya que éstas son inexistentes. Calderón Molina v. Federal Land Bank, supra. Una sentencia es nula cuando se ha dictado sin jurisdicción sobre la materia o las partes, o en alguna forma infringe el debido proceso de ley. Rodríguez v. Albizu, 16 D.P.R. 631 (1964). (Énfasis suplido.)
Sentencia por Estipulación
Existen tres clases de estipulaciones: 1) las que constituyen meras admisiones de hechos; 2) las que reconocen derechos y tienen el alcance de una adjudicación sobre tales derechos, y 3) las que proponen cierto curso de acción como, por ejemplo, que se someta una controversia a un comisionado especial o que se admita cierta prueba en un juicio. P.R. Glass Corp. v. Tribunal Superior, 103 D.P.R. 223 (1975). La estipulación es una admisión judicial que implica un desistimiento formal de cualquier contención contraria a ella. Díaz Ayala et al. v. E.L.A., 153 D.P.R. 675 (2001). Una vez hecha y aprobada por el tribunal la estipulación obliga a quienes la hacen y a las paites por ellos legalmente representadas. P.R. Glass Corp. v. Tribunal Superior, 103 D.P.R. 223 (1975).
Como norma general, un juez debe aceptar los convenios y estipulaciones que las paites presenten. Rodríguez Rosado v. Zayas Martínez, 133 D.P.R. 406 (1993). Una vez el tribunal aprueba una estipulación mediante la cual se pone término a un pleito o se resuelve un incidente dentro del mismo, ésta obliga a las partes y tiene el efecto de cosa juzgada. Rodríguez Rosado v. Zayas Martínez, supra.
Cosa Juzgada
La doctrina de cosa juzgada es materia que pertenece al ámbito del derecho sustantivo. Díaz Burgos v. *944 Navieras de Puerto Rico, 118 D.P.R. 297 (1987). En nuestro ordenamiento civil, la cosa juzgada tiene base estatutaria en el Artículo 1204 del Código Civil, 31 L.P.R.A. § 3343, que, en su parte pertinente dispone:

“Contra la presunción de que la cosa juzgada es verdad, sólo será eficaz la sentencia ganada enjuicio de revisión. Para que la presunción de cosa juzgada surta efecto en otro juicio, es necesario que entre el caso resuelto por la sentencia y aquél en que ésta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron. ”

La doctrina de cosa juzgada persigue proteger a los litigantes de la necesidad de defenderse o probar sus reclamaciones en repetidas ocasiones, tratándose de la misma controversia y, a su vez, promueve la economía judicial y administrativa al evitar litigios innecesarios y decisiones inconsistentes. Rodríguez Rodríguez v. Colberg Comas, 131 D.P.R. 212 (1992).
Acorde con nuestro Tribunal Supremo, la doctrina de cosa juzgada requiere que, para darle efecto a la presunción de cosa juzgada en otro pleito, exista la más perfecta identidad entre las cosas, las causas, las personas litigantes y la calidad en que lo fueron, tanto en el caso resuelto por la Sentencia como en aquél en que dicha defensa afirmativa es invocada. Rodríguez Rodríguez v. Colberg Comas, supra.
En otras palabras, la Sentencia dictada en un pleito anterior impide que se litiguen, en un pleito posterior, entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas y aquéllas que pudieron haber sido'litigadas y adjudicadas con propiedad, en la acción anterior. Pagán Hernández v. U.P.R., 107 D.P.R. 720 (1978).
Cabe señalar que, bajo la modalidad de impedimento colateral, a diferencia de la doctrina de cosa juzgada, no es necesario que se dé el requisito de identidad de causas, necesario para aplicar la doctrina de cosa juzgada. Rodríguez Rodríguez v. Colberg Comas, supra. La doctrina de impedimento colateral por sentencia (“collateral estoppel by judgment”) es de aplicación cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida realmente y se determina por una sentencia válida y final, pues tal determinación es concluyente en un segundo pleito entre las mismas partes aunque estén envueltas causas de acción distintas. Capó Sánchez v. Secretario de Hacienda, 92 D.P.R. 837 (1965).
Debido Proceso de Lev
La Constitución de Puerto Rico dispone en su Artículo II, Sección 7, que “ninguna persona será privada de su propiedad o libertad sin un debido proceso de ley”. Esta disposición tiene sus homologas en las Enmiendas V y XIV de la Constitución de Estados Unidos. La garantía del debido proceso de ley opera en dos dimensiones distintas: la procesal y la sustantiva. La vertiente sustantiva del debido proceso de ley persigue proteger y salvaguardar los derechos fundamentales de la persona. La vertiente procesal le impone al Estado la obligación de garantizar que la interferencia con los intereses de libertad y de propiedad del individuo se haga a través de un procedimiento que sea justo y equitativo. Rodríguez Rodríguez v. E.L.A., 130 D.P.R. 562 (1992).
Para que se active la protección que ofrece este derecho en su vertiente procesal, tiene que existir un interés individual de libertad o propiedad. Rivera Santiago v. Secretario de Hacienda, 119 D.P.R. 265 (1987). Como principio fundamental del debido proceso se ha consagrado, el derecho de toda persona a ser oído antes de ser despojado de algún interés protegido; esta oportunidad de ser oído debe ser en: "a meaningful time and a meaningful manner". Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Joint Anti Fascist Refugee Committee v. McGrath, 341 U.S. 123 (1951). Véase: Friendly, Some Kind of Hearing, 123 U. Pa. L. Rev. 1267 (1975). La privación de la libertad o propiedad sin notificación u oportunidad de ser oído se ha considerado siempre ajeno al debido proceso y en ocasiones es fuente de responsabilidad civil. Luger v. Edmonson Oil Co., 457 U.S. 922 (1982); Mullane v. Central Manover Tr. Co., 339 U.S. 305 (1950).
*945 El Tribunal Supremo de Puerto Rico ha reiterado la norma de que en todo procedimiento adversativo el debido proceso de ley debe satisfacer los siguientes requisitos: (1) notificación adecuada del proceso; (2) proceso ante un juez imparcial; (3) oportunidad de ser oído; (4) derecho a contra-interrogar testigos y examinar evidencia presentada en su contra; (5) tener asistencia de abogado, y (6) que la decisión se base en el récord. Jaime Feliciano Figueroa v. Julio Toste Piñero, 134 D.P.R. 909.
III
Señalan los peticionarios que erró el Tribunal de Primera Instancia al concluir que para atacar la Sentencia por Estipulación de las partes dictadas el 1 de marzo de 2005 en el caso DAC2004-1065 había- que seguir el procedimiento de la Regla 49. 2 de Procedimiento Civil que establece un término fatal de seis meses, salvo que se trate de una Sentencia nula por falta de jurisdicción sobre la persona o la materia. Por estar ambos errores estrechamente relacionados, los discutiremos en conjunto.
En el caso de marras, el recurrido instó una demanda contra el E.L.A. y los peticionarios. Los peticionarios nunca contestaron la demanda a pesar de que tuvieron más de una oportunidad, pues la demanda fue enmendada en una ocasión. El tribunal señaló más de una fecha para la celebración de la conferencia con antelación al juicio y los peticionarios no comparecieron. Tampoco se presentó la representación legal de los peticionarios a las reuniones que ordenó el tribunal a celebrarse entre los abogados de las partes para preparar el informe de la conferencia con antelación al juicio, so pena de que se les eliminarían las alegaciones a sus clientes.
Ante estas circunstancias, el recurrido y el E.L.A. presentaron una solicitud de Sentencia por Estipulación en la fecha señalada para la celebración de la vista de conferencia con antelación al juicio. En dicha solicitud, tanto el E.L.A. como el recurrido, acordaron que serían los peticionarios quienes tendrían que romper, a su costo, la verja de concreto que se encontraba donde alegadamente estaba ubicado el portón de acceso a la propiedad del recurrido y que el Tribunal de Primera Instancia debía de ordenar al Registrador de la Propiedad a inscribir una servidumbre de paso, a favor del recurrido, que transcurre por una franja de terreno de la propiedad de los peticionarios. Los peticionarios tuvieron la oportunidad de participar tanto en la redacción del informe, como de las estipulaciones, pero no lo hicieron. Los peticionarios también pudieron haber comparecido en la fecha señalada para la conferencia con antelación al juicio y oponerse a la solicitud de Sentencia por Estipulación y tampoco lo hicieron.
Como de todos es sabido, es responsabilidad del Estado del proveer un debido proceso de ley cuando se encuentra en controversia un interés propietario, de vida o libertad. Sin embargo, no es necesario que el tribunal asuma el rol de una de las partes litigantes. En el caso de marras, esta responsabilidad constitucional fue cabalmente cumplida por el tribunal, pues brindó la oportunidad a los peticionarios de que expresaran cuál era su posición en cuanto a la demanda llevada en su contra en múltiples ocasiones e incluso fomentó su participación mediante la imposición de sanciones ante las incomparecencias a los distintos señalamientos. Todas las determinaciones hechas por el tribunal les fueron notificadas a la representación legal de los peticionarios. Luego de haberse advertido a los peticionaros que de ausentarse a la conferencia con antelación al juicio se les eliminarían sus alegaciones y, ante su incomparecencia, se dictó Sentencia por Estipulación. Ante estas circunstancias, es forzoso concluir que el Tribunal de Primera Instancia cumplió con ofrecer a los peticionarios un Debido Proceso de Ley.
Una vez dictada la Sentencia por el Tribunal de Primera Instancia, los peticionarios tuvieron la oportunidad de impugnar la Sentencia emitida mediante solicitud de reconsideración ante el mismo Tribunal de Primera Instancia o apelación ante este foro, pero tampoco utilizaron estos recursos. Luego de que la Sentencia advino final y firme, el recurrido solicitó que se ordenara la ejecución de la Sentencia. Los peticionarios se opusieron a la Orden, pero el tribunal declaró su oposición No Ha Lugar. En ese momento, los peticionarios tenían disponible el recurso de Certiorari para impugnar la Orden emitida, pero desistieron del Recurso luego de haberlo presentado. Para aquel entonces, aún les quedaba a los peticionarios el remedio de relevo de Sentencia de la Regla 49.2 de las *946 de Procedimiento Civil, pero tampoco lo utilizaron en tiempo.
Finalmente, luego de transcurrir el término fatal de seis meses que dispone la Regla 49.2 y varios meses desde que los alguaciles del tribunal ejecutaran la orden en cumplimiento de Sentencia, los peticionarios instaron una acción independiente en el Tribunal de Primera Instancia alegando nulidad de Sentencia.
El Tribunal Supremo de Puerto Rico ha determinado que una Sentencia nula es aquélla que haya sido dictada sin jurisdicción sobre la materia o sobre la persona o en incumplimiento del Debido Proceso de Ley. En el caso de marras, los peticionarios fueron emplazados correctamente y comparecieron mediante moción de desestimación ante el Tribunal de Primera Instancia. Ante estas circunstancias, concluimos que el Tribunal de Primera Instancia tenía jurisdicción sobre las personas de los peticionarios. Nuestro Tribunal de Justicia es de jurisdicción unificada, razón por la cual el Tribunal de Primera Instancia podría entender cualquier caso y controversia en la que no esté envuelta alguna materia del campo ocupado de la jurisdicción federal. Dada la naturaleza del caso, reivindicación de servidumbre de paso, concluimos que el Tribunal de Primera Instancia tenía jurisdicción sobre la materia.
Por los fundamentos antes discutidos, determinamos que no hubo violaciones al debido proceso de ley, el tribunal tenía jurisdicción sobre la persona y sobre la materia y, por lo tanto, la Sentencia es válida. Al ser una Sentencia válida, los peticionarios tenían que cumplir con el término fatal de seis meses establecido por la Regla 49.2 de las de Procedimiento Civil, supra, para solicitar el relevo de Sentencia. Actuó correctamente el Tribunal de Primera Instancia al determinar que la Sentencia era válida y que para impugnarla era necesario que se cumpliera con el término establecido por la Regla 49.2 de las de Procedimiento Civil.
También señala el peticionario que erró el Tribunal de Primera Instancia al determinar que la Sentencia del caso antes aludido le era de aplicación la doctrina de cosa juzgada. Para que sea de aplicación la doctrina de cosa juzgada es necesario que concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron en ambos casos. En el caso DAC2004-1065, el recurrido demandó a los peticionarios solicitando que se reconociera un derecho de servidumbre de paso por la propiedad de los peticionarios. La posición de los peticionarios en aquel caso era que no existía tal derecho a servidumbre de paso. El Tribunal de Primera Instancia reconoció la existencia del derecho a servidumbre de paso a favor del recurrido. Inconformes con las determinaciones del Tribunal de Primera Instancia, los peticionarios instaron un pleito independiente en el que solicitaban relevo de la Sentencia emitida en el caso DAC2004-1065. La posición de los peticionarios en este nuevo pleito es que no existe tal derecho de servidumbre de paso.
En el pleito independiente interpuesto por los peticionarios, concurre la más perfecta identidad de controversias, litigantes y en la calidad en que comparecieron en el caso DAC2004-1065. En cumplimiento con el propósito de proteger a los litigantes de la necesidad de defenderse o probar sus reclamaciones en repetidas ocasiones y promover la economía judicial, concluimos que actuó correctamente el Tribunal de Primera Instancia al determinar que era dé aplicación la doctrina de cosa juzgada al caso de autos en cuanto a los recurridos.
Señalan los peticionarios que erró el Tribunal de Primera Instancia al concluir que los peticionarios radicaron una acción frívola e imponerle el pago de $1,500.00 en concepto de honorarios de abogado.
Se entiende por frívolo como aquello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna. I. Rivera García, Diccionario de Términos Jurídicos, 3ra ed., San Juan, Ed. Lexis-Nexis, 2000, pág. 104. En el caso de marras, los peticionarios instaron una acción independiente al caso DAC2004-1065 en la que solicitaron relevo de Sentencia, indemnización por daños y perjuicios e impericia profesional. El hecho de no haber prevalecido en su reclamación contra el recurrido, no convierte la acción en frívola. Los peticionarios, de buena fe, plantearon que la Sentencia dictada por el Tribunal de Primera Instancia era nula por alegadamente haber sido dictada en violación al Debido Proceso de Ley. De la Sentencia haber sido nula, la causa de acción de los peticionarios *947 estaba en tiempo para instarse y no le era oponible la defensa de cosa juzgada. Concluimos que la reclamación presentada por los peticionarios fue razonable y, por lo tanto, no fue frívola. Se exime a los peticionarios del pago de honorarios de abogado.
IV
Por los fundamentos que anteceden, SE MODIFICA la Resolución emitida por el Tribunal de Primera Instancia, a los efectos de eximir a los peticionarios del pago de honorarios de abogado y, así modificada, SE CONFIRMA.
Lo acuerda y manda este Tribunal y lo certifica la Secretaria.
María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones