FRANCISCA CALDERÓN MOLINA y LA SOCIEDAD DE GANANCIALES DE JUAN A. MOLINA y CRUZ EVELINA REYES, como cesionaria ésta de los derechos de SABINA, CARMELO, PAULA y ENRIQUETA CALDERÓN MOLINA, demandantes y recurrentes, *v.* FEDERAL LAND BANK OF BALTIMORE y DESIDERIO ÁLVAREZ CRUZAT, demandados y recurridos.

*Número:* R-62-260     *Resuelto:* 20 de diciembre de 1963

*R. R. Rivera Correa,* abogado de los recurrentes; *Feliciano González Arbona, José Trías Monge, Lino J. Saldaña,* y *Ricardo H. Francis,* abogados del Federal Land Bank of Baltimore; *Miranda Cárdenas, Gallardo & Criscuolo,* abogados de Desiderio Álvarez Cruzat.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

Los hijos y herederos legítimos de Francisco Calderón Osorio y Ramona Molina demandaron a The Federal Land Bank of Baltimore y a Desiderio Álvarez Cruzat en acción sobre nulidad de sentencia, reivindicación y daños. Se alegó en la demanda que Francisco Calderón y su esposa Ramona Molina eran dueños de una finca de 82 cuerdas en el término

municipal de Luquillo que fue vendida en pública subasta en acción tramitada por The Federal Land Bank of Baltimore para el cobro de una hipoteca sobre la referida finca; que al tramitarse el pleito y emplazarse al causante Francisco Calderón Osorio ya había fallecido su esposa Ramona Molina; que el emplazamiento se hizo por una persona particular de nombre Martín Reina Oquendo quien declaró haber notificado personalmente al demandado Francisco Calderón Osorio, haber hecho todas las gestiones a su alcance para notificar a los herederos desconocidos de Ramona Molina, designados bajo el nombre supuesto de John Doe y Richard Doe y que no pudo notificar a ninguno de ellos por ser los mismos desconocidos y no poderlos encontrar. Que en virtud de este diligenciamiento los ahora demandantes, herederos de Ramona Molina, fueron citados por edictos. Que anotada la rebeldía a los demandados se dictó sentencia a favor de The Federal Land Bank, ordenándose la venta en pública subasta de la finca mencionada la cual fue así vendida en 26 de octubre de 1937, adjudicándosela el propio Banco demandante representado en el acto por su mandatario verbal Martín Reina, la misma persona que hizo el emplazamiento, y que se inscribió la finca a favor del Banco con el defecto subsanable de no estar debidamente aceptada por el adquirente la escritura de venta. Que el co-demandado Desiderio Álvarez Cruzat es el actual dueño de la finca y según el Registro fue advertido de los defectos que afectaban su título.

Alegaron los demandantes en la demanda que hubo fraude y engaño al Tribunal en las alegaciones bajo juramento de Martín Reina que sirvieron de base para obtener la citación por edictos de los herederos de Ramona Molina cuando declaró que había hecho todas las gestiones a su alcance para notificarlos, gestiones que nunca hizo porque de haber preguntado al viudo y co-heredero Francisco Calderón Osorio éste le habría informado, así como cualquier otro vecino de la

finca, del hecho de que sus hijos vivían en la misma finca o en el vecino pueblo de Fajardo donde eran de todos conocidos. Se alegó que el Tribunal no adquirió jurisdicción en el procedimiento referido porque se le engañó para obtener la citación por edictos como desconocidos, de herederos que fácilmente podían localizarse viviendo la mayoría de ellos en la finca ejecutada; que se conocía la identidad de por lo menos un miembro de la sucesión, el viudo, y era de fácil identificación la localización de sus otros seis hijos y de su esposa; porque hizo las diligencias negativas el propio mandatario de The Federal Land Bank of Baltimore.

El co-demandado Desiderio Álvarez Cruzat contestó y aceptó ser dueño de la finca. Negó todos los demás hechos. Alegó como defensas que de existir cualquier causa de acción la misma estaba prescrita, que él era un comprador de buena fe y como tercero no se le podía hacer responsable de la reclamación. El co-demandado The Federal Land Bank contestó admitiendo varias de las alegaciones de la demanda y negando otras. Entre otras defensas especiales alegó que la acción estaba prescrita.

Señalado ya el juicio en sus méritos, el co-demandado The Federal Land Bank of Baltimore compareció en solicitud para que se dictara sentencia por las alegaciones o sentencia sumaria alegando (1) que tratándose de una demanda de nulidad de sentencia dictada en procedimiento ordinario de ejecución de hipoteca la acción de nulidad prescribía a los 15 años y ya estaba prescrita al instituirse 24 años después; (2) que no procedía la devolución de la finca por haber sido vendida por el ejecutante a un tercero hipotecario, y (3) porque asumiendo que fuera aplicable al caso el Art. 38 de la Ley Hipotecaria, la acción que concede dicho artículo estaba prescrita por el transcurso de 15 años.

La Sala sentenciadora dictó sentencia sumariamente declarando sin lugar la demanda por estar prescrita la acción.

Expuso la Sala que hemos resuelto en distintas ocasiones que la acción para solicitar la nulidad del ejecutivo sumario no prescribe nunca (cita casos), pero que tratándose de una acción ordinaria de ejecución de hipoteca como fue la tramitada por The Federal Land Bank en 1936, el término para pedir la nulidad de la sentencia dictada en dicho procedimiento era de 15 años. La petición de sentencia sobre las alegaciones o sentencia sumaria fue hecha únicamente por el co-demandado Federal Land Bank. El co-demandado Álvarez, alegado tercero de buena fe, no ha pedido remedio alguno en tal sentido.

La cuestión envuelta no se circunscribe a diferenciar entre un ejecutivo sumario de hipoteca y una ejecución de hipoteca por la vía ordinaria a los efectos de la prescripción de la acción para atacar las ejecutorias judiciales. Envuelve el aspecto más amplio de la nulidad absoluta de una sentencia y otras ejecutorias en pleito en que nunca se ha adquirido jurisdicción sobre la persona o sobre la materia, por cualesquiera de los fundamentos de ley que no permiten adquirir tal jurisdicción, inclusive, cuando hubiere existido engaño o fraude al Tribunal en las diligencias de un emplazamiento, que es lo que confiere jurisdicción sobre la persona de un demandado. Nos remitimos a la revisión de la materia que hicimos en *Hernández* v. *Zapater*, 82 D.P.R. 777 (1961), y a lo ahí resuelto.

La Regla 49.2 de Procedimiento Civil de 1958, enmendada en enero 24 de 1961, permite relevar a una parte de los efectos de una sentencia, entre otros motivos, por fraude (intrínseco o extrínseco) y cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. Si bien la solicitud de relevo ha de hacerse nunca después de seis meses de haberse registrado la sentencia u orden o de haberse llevado a cabo el procedimiento tal como lo dispone la Regla, la propia Regla estatuye también que ella *no*

*limita* el poder del Tribunal para conocer de un *pleito independiente* con el propósito de dejar sin efecto una sentencia por motivo de fraude al Tribunal. Véase: *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358 (1961).

■ Ya se enfoque el asunto como uno de fraude o engaño al Tribunal bajo la Regla 49.2, en las diligencias del emplazamiento, o ya bajo la posición tradicional,—aplicable a cualquier tipo de acción,—de que una sentencia dictada sin jurisdicción es nula de nulidad radical, y por lo tanto, inexistente en derecho, hay que concluir, bajo la clásica doctrina aplicable, que si el Tribunal de Distrito en la acción de 1936 no adquirió válidamente jurisdicción sobre las personas de los ahora demandantes, el fallo contra ellos es inexistente y puede ser impugnado en cualquier época, sin sujeción a término prescriptivo.

Los demandantes han alegado que se obtuvo un emplazamiento sustituto de ellos por edictos ilegalmente, y mediante fraude, por los hechos que exponen en su demanda. A este respecto, véanse nuestras decisiones recientes en los casos de *Mundo* v. *Fúster*, 87 D.P.R. 363 (Dávila) (1963), y *Suárez Fuentes* v. *Tribunal Superior*, 88 D.P.R. 136 (Belaval) (1963).

Por razón de lo expuesto en cuanto a la cuestión prescriptiva, y existiendo unos hechos por dilucidar con prueba, —cf. *Roth* v. *Lugo*, 87 D.P.R. 386 (1963); *García López* v. *Méndez García*, 88 D.P.R. 363 (1963),—no procedía dictar una sentencia sumariamente.

*Se dejará sin efecto la sentencia sumariamente dictada por la Sala de Humacao del Tribunal Superior en 25 de junio de 1962 y se devolverán los autos a esa Sala para que celebre un juicio en los méritos del caso, y para otros procedimientos compatibles con lo aquí expresado.*