Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| PETER RIVERA RIVERA<br><br>Apelante<br><br>v.<br><br>EDUARDO MELÉNDEZ, ALEXIS MORALES AYALA, ARIEL MORALES AYALA<br><br>Apelada | TA2025AP00202<br>CONS.<br>TA2025AP00253 | *APELACIÓN*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso núm.:<br>CG2024CV04240<br><br>Sobre:<br>Compraventa y Otros |

Panel integrado por su presidente, el Juez Monge Gómez, la Jueza Prats Palerm y el Juez Robles Adorno.[1]

Robles Adorno, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 26 de septiembre de 2025.

El 4 de agosto de 2025, el señor Peter Rivera Rivera (el señor Rivera Rivera) presentó ante nos un *Recurso de Apelación*, bajo el alfanumérico TA2025AP00202, en el que solicitó que revoquemos la *Sentencia Nunc Pro Tunc* emitida el 30 de junio de 2025, notificada el 3 de julio de 2025, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario).[2] En el aludido dictamen, el TPI resolvió que el señor Alexis Morales Ayala, el señor Ariel Morales Ayala (en conjunto, los señores Morales Ayala) y el señor Eduardo Meléndez no fueron emplazados conforme las Reglas de Procedimiento Civil, 32 LPRA Ap. V. Por tanto, desestimó, sin perjuicio, la *Demanda* por falta de jurisdicción sobre la persona.

Por otro lado, el 18 de agosto de 2025, los señores Morales Ayala, sin someterse a la jurisdicción, (en conjunto, los señores Morales Ayala) radicaron ante nos una *Apelación*, asignado el alfanumérico TA2025AP00253, en la que suplicaron que

---

[1] Véase OATA-2025-170 del 3 de septiembre de 2025 en la que se designa al Juez Robles Adorno en sustitución del Juez Rivera Colón.
[2] Entrada Núm. 46 del caso Núm. CG2024CV04240 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

revoquemos la *Sentencia Nunc Pro Tunc* emitida el 30 de junio de 2025, notificada el 3 de julio de julio de 2025 por el foro primario. Ello, puesto que la determinación apelada debió ser archivada, con perjuicio.

Ante ello, el 25 de agosto de 2025, emitimos una *Resolución* en la que consolidamos los recursos de epígrafe tras dimanar sobre el mismo litigio.

Por los fundamentos que expondremos a continuación, modificamos la *Sentencia* apelada y así modificada, la confirmamos.

**I.**

El caso de epígrafe tuvo su inicio el 3 de enero de 2024, cuando el señor Rivera Rivera presentó una *Demanda* en el Tribunal de Primera Instancia, Sala Superior de San Juan, caso núm. SJ2024CV00064, en la que alegó que el 1 de junio de 2019, suscribió un contrato de compraventa para adquirir un vehículo de motor, que pertenecía al señor Eduardo Meléndez y el señor Alexis Morales Ayala.[3] El señor Rivera Rivera sostuvo que, al momento de adquirir el vehículo, el odómetro de dicho vehículo marcaba 27,500 millas. Tiempo después de la compraventa, el señor Rivera Rivera arguyó que el vehículo de motor comenzó a sufrir varios desperfectos mecánicos. Por consiguiente, el señor Rivera Rivera adujo que tuvo que incurrir en varios gastos para reparar el vehículo.

Así pues, mientras reparaba el vehículo de motor, advino en conocimiento de que el odómetro fue alterado, y el millaje que tenía era mayor. Ante ello, le reclamó a los señores Morales Ayala acerca del fraude y, en respuesta el señor Ariel Morales Ayala le ofreció $2,200.00 como indemnización por el millaje alterado. Inmediatamente, el señor Rivera Rivera rechazó la oferta. El señor Rivera Rivera indicó que, tras examinar la documentación del historial del vehículo, este era del año 2009 y tenía un exceso de

---

[3] Entrada Núm. 1 del caso Núm. SJ2024CV00064 en el SUMAC.

100,000 millas. Al respecto, el señor Rivera Rivera concluyó que el millaje real de la unidad era una condición material sustancial del objeto del contrato de compraventa. Consecuentemente, argumentó que el contrato de compraventa estuvo viciado y, debía ser indemnizada por concepto de daños y perjuicios. Por ende, solicitó la suma de $25,000.00 por los daños sufridos a causa del dolo en el contrato.

El 9 de enero de 2024, el TPI emitió una *Orden de traslado* en la que ordenó el traslado del caso al Tribunal de Primera Instancia, Sala Superior de Caguas.[4]

Así las cosas, el 23 de enero de 2024, el señor Rivera Rivera presentó una *Demanda enmendada* en la cual solicitó una suma de $50,000 en concepto de daños y perjuicios[5] y sometió los proyectos de emplazamientos para ser expedidos.[6]

El 24 de enero de 2024, fueron expedidos los emplazamientos dirigidos en favor de los señores Morales Ayala.[7]

Luego de diversas prórrogas para emplazar a los señores Morales Ayala, el 24 de mayo de 2024, el señor Rivera Rivera radicó una *Moción en solicitud de extensión término para hacer diligenciamiento por edicto*.[8] En dicha moción, el señor Rivera Rivera solicitó una prórroga para emplazar a los señores Morales Ayala por edicto. El señor Rivera Rivera anejó una declaración jurada en la que describió los esfuerzos realizados para emplazar a los señores Morales Ayala.

El 28 de mayo de 2024, notificada el 29 de mayo de 2024, el TPI emitió una *Sentencia Parcial* en la que ordenó el desistimiento, sin perjuicio, en cuanto al señor Eduardo Meléndez y el señor Alexis Morales Ayala tras el señor Rivera Rivera no diligenciar el

---

[4] Entrada Núm. 3 del caso Núm. SJ2024CV00064 en el SUMAC.
[5] Entrada Núm. 5 del caso Núm. SJ2024CV00064 en el SUMAC.
[6] Entrada Núm. 6 del caso Núm. SJ2024CV00064 en el SUMAC.
[7] Entrada Núm. 7 del caso Núm. SJ2024CV00064 en el SUMAC.
[8] Entrada Núm. 15 del caso Núm. SJ2024CV00064 en el SUMAC.

emplazamiento dentro del término de ciento veinte días (120) días conforme la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c).[9]

El 29 de mayo de 2024, el señor Rivera Rivera radicó un *Aviso de desistimiento sin perjuicio* en la que suplicó que el caso fuese archivado, sin perjuicio, conforme la Regla 39.1 (a) de Procedimiento Civil, *supra*, R. 39.1.[10]

Ese mismo día, el foro primario emitió una *Sentencia*, sin perjuicio, con respecto al señor Ariel Morales Ayala, en la que declaró Ha Lugar el desistimiento.[11]

Tiempo después, el 14 de noviembre de 2024, nuevamente el señor Rivera Rivera presentó la *Demanda* que nos ocupa.[12]

Tras varios incidentes procesales, el 13 de enero de 2025, el foro primario emitió una *Orden* en la que ordenó a secretaría a expedir los emplazamientos ante la solicitud presentada por el señor Rivera Rivera el 25 de diciembre de 2024.[13] En esa línea, ese mismo día, los emplazamientos fueron expedidos.[14]

El 15 de enero de 2025, el señor Rivera Rivera instó una *Moción Informativa en solicitud de que se permita emplazamiento por edicto* en la que rogó que el TPI autorizara que se emplazara a los señores Morales Ayala y el señor Eduardo Meléndez por edicto.[15] Ello, puesto que presentó como referencia la declaración jurada, presentada en el caso anterior, en la que describía los esfuerzos anteriormente efectuados por el señor Rivera Rivera para adquirir jurisdicción sobre los señores Morales Ayala y el señor Eduardo Meléndez.

El 27 de enero de 2025, el foro primario emitió una *Orden de Moción para que se expidan emplazamientos por edicto* en la que

---

[9] Entrada Núm. 18 del caso Núm. SJ2024CV00064 en el SUMAC.
[10] Entrada Núm. 17 del caso Núm. SJ2024CV00064 en el SUMAC.
[11] Entrada Núm. 19 del caso Núm. SJ2024CV00064 en el SUMAC.
[12] Entrada Núm. 1 del caso Núm. SJ2024CV00064 en el SUMAC.
[13] Entrada Núm. 5 del caso Núm. CG2024CV04240 en el SUMAC.
[14] Entrada Núm. 6 del caso Núm. CG2024CV04240 en el SUMAC.
[15] Entrada Núm. 8 del caso Núm. CG2024CV04240 en el SUMAC.

ordenó a la Secretaría que expidiera los emplazamientos por edicto de los señores Morales Ayala y el señor Eduardo Meléndez.[16]

El 29 de enero de 2025, el TPI expidió los emplazamientos autorizados.[17]

El 28 de febrero de 2025, los señores Morales Ayala instaron una *Moción asumiendo representación legal,* sin someterse a la jurisdicción, en la que informaron que comparecía a través de un representante legal en el litigio.[18]

El 10 de marzo de 2025, el señor Rivera Rivera radicó una *Moción al expediente judicial* en la que informó que el 29 de enero de 2025, fue publicado el emplazamiento por edicto dirigido a los señores Morales Ayala y el señor Eduardo Meléndez, en el periódico Primera Hora y que les notificó mediante correo certificado a los señores Morales Ayala y al señor Eduardo Meléndez.[19] Empero, el 5 de febrero de 2025, el correo certificado dirigido al señor Eduardo Meléndez fue devuelto.

Así las cosas, el 20 de marzo de 2025, los señores Morales Ayala presentaron, sin someterse a la jurisdicción, una *Solicitud de desestimación por falta de jurisdicción sobre la persona* en la que alegaron que, el TPI no debió permitir que se emplazara a los señores Morales Ayala mediante edicto.[20] Ello, toda vez que el señor Rivera Rivera fundamentó su solicitud de emplazamiento por edicto con la misma declaración jurada utilizada en el caso anterior. Además, argumentaron que el señor Ariel Morales Ayala fue emplazado personalmente en el caso SJ2024CV00064. Asimismo, plantearon que la dirección postal contenida en la solicitud de emplazamiento por edicto era incorrecta puesto que el señor Ariel Morales Ayala no residía en el municipio citado en el emplazamiento por edicto.

---

[16] Entrada Núm. 11 del caso Núm. CG2024CV04240 en el SUMAC.
[17] Entrada Núm. 14 del caso Núm. CG2024CV04240 en el SUMAC.
[18] Entrada Núm. 15 del caso Núm. CG2024CV04240 en el SUMAC.
[19] Entrada Núm. 20 del caso Núm. CG2024CV04240 en el SUMAC.
[20] Entrada Núm. 24 del caso Núm. CG2024CV04240 en el SUMAC.

Subsiguiente, los señores Morales Ayala resaltaron que desconocían la dirección postal del señor Eduardo Meléndez.

Ante este cuadro, los señores Morales Ayala razonaron que el TPI autorizó un emplazamiento por edicto en contravención con las Reglas de Procedimiento Civil, *supra.* Ello, en virtud de que el señor Rivera Rivera anejó, en su petición de emplazar a los señores Morales Ayala por edicto, una declaración jurada que contenía las gestiones realizadas en el caso previamente instado por el señor Rivera Rivera y no en el caso de autos.

El 28 de abril de 2025, el señor Rivera Rivera instó una *Oposición a moción de desestimación* en la que argumentó que el emplazamiento por edicto expedido en el caso cumplió con lo dispuesto en la Regla 4.6 de Procedimiento Civil, *supra,* R. 4.6, debido a que anejó una declaración jurada en la que explicó los motivos de su solicitud y el trasfondo del caso anterior.[21] Además, alegó que le envió a los señores Morales Ayala la *Demanda* y el emplazamiento por edicto por correo certificado con acuse de recibo, a la última dirección conocida. Enfatizó que, mediante el contrato de compraventa obtuvo la dirección física y postal de los señores Morales Ayala. Por ende, afirmó que la declaración jurada en controversia no era contraria a derecho y, por tanto, no procedía la desestimación.

El 28 de mayo de 2025, los señores Morales Ayala, sin someterse a la jurisdicción, presentaron una moción titulada *Reiterando solicitud de desestimación por falta de jurisdicción sobre la persona con perjuicio* en la que reiteró su argumento en que el señor Rivera Rivera erró en presentar una declaración jurada utilizada en un caso anterior.[22] Además, arguyeron que las gestiones realizadas previamente no guardan relación con las diligencias

---

[21] Entrada Núm. 31 del caso Núm. CG2024CV04240 en el SUMAC.
[22] Entrada Núm. 32 del caso Núm. CG2024CV04240 en el SUMAC.

efectuadas en este caso por el señor Rivera Rivera para adquirir jurisdicción acerca de los señores Morales Ayala. Consecuentemente, reiteraron su súplica en cuanto a desestimar la causa de acción.

El 30 de junio de 2025, el TPI emitió una *Sentencia* en la que desestimó, sin perjuicio, la *Demanda* por falta de jurisdicción sobre la persona e incumplimiento en emplazar a las partes a tenor con la Regla 4.3 (c) de Procedimiento Civil, *supra*, R. 4.3 (c).[23]

El 1 de julio de 2025, los señores Morales Ayala, sin someterse a la jurisdicción, radicaron una *Solicitud de enmienda de Sentencia Nunc Pro Tunc* en la que rogaron que el foro primario enmendara la *Sentencia* a los fines de que el archivo del caso fuese con perjuicio.[24]

El 1 de julio de 2025, notificada el 2 de julio de 2025, el foro primario emitió una *Sentencia nunc pro tunc* en la que ordenó el archivo del caso con perjuicio.[25]

El 2 de julio de 2025, los señores Morales Ayala, sin someterse a la jurisdicción, presentaron una *Segunda solicitud de enmienda de sentencia nunc pro tunc* en la que le informaron al foro primario que en un párrafo de la *Sentencia* indicaba que la desestimación fue, sin perjuicio.[26] Por ende, dicho párrafo estaba redactado en contravención a la determinación de la *Sentencia nunc pro tunc*.

El 3 de julio de 2025 el TPI emitió una *Sentencia nunc pro tunc* a los fines de enmendar el párrafo solicitado por los señores Morales Ayala.[27] Sin embargo, el foro primario enmendó su determinación y el párrafo en cuestión para que decretara el archivo del caso sin perjuicio.

El 17 de julio de 2025, los señores Morales Ayala, sin someterse a la jurisdicción, sometieron una *Reconsideración* en la

---

[23] Entrada Núm. 39 del caso Núm. CG2024CV04240 en el SUMAC.
[24] Entrada Núm. 41 del caso Núm. CG2024CV04240 en el SUMAC.
[25] Entrada Núm. 42 del caso Núm. CG2024CV04240 en el SUMAC.
[26] Entrada Núm. 44 del caso Núm. CG2024CV04240 en el SUMAC.
[27] Entrada Núm. 46 del caso Núm. CG2024CV04240 en el SUMAC.

que ripostaron que el TPI debió declarar la desestimación y archivo del caso con perjuicio.[28] Ello, puesto que anteriormente, el señor Rivera Rivera había presentado una *Demanda* y la misma fue desestimada. Por ende, los señores Morales Ayala alegaron que, tras ser la segunda ocasión en que se presentó una *Demanda* con la misma identidad de partes y asuntos, procede la desestimación con perjuicio.

Ese día, el foro primario declaró No Ha Lugar la *Reconsideración.*[29]

El 18 de julio de 2025, el señor Rivera Rivera presentó una *Moción de reconsideración* en la que argumentó que el TPI autorizó correctamente los emplazamientos por edicto y tuvo el efecto de validar la declaración jurada presentada en conjunto a la solicitud del emplazamiento por edicto.[30] Así pues, adujo que, con la autorización del TPI, inicio un proceso riguroso para adquirir jurisdicción sobre los señores Morales Ayala y el señor Eduardo Méndez. Por ende, el foro primario no debió desestimar la causa de acción debido a que había brindado su anuencia para los emplazamientos presentados ante su consideración.

El 21 de julio de 2025, el TPI emitió una Orden en la que declaró No Ha Lugar a la *Moción de reconsideración.*[31]

Inconforme, el 4 de agosto de 2025, el señor Rivera Rivera instó un *Recurso de Apelación* en el que formuló los siguientes señalamientos de error:

> Primer error: El TPI erró y abusó de su discreción al desestimar la demanda contra Alexis Morales Ayala toda vez que el 5 de mayo de 2025, dentro del término de ciento veinte (120) días, dicho codemandado fue emplazado personalmente.
>
> Segundo error: El TPI erró y abusó de su discreción al desestimar la demanda toda vez que mediante orden del 15 de enero de 2025 autorizó la solicitud de emplazamiento por edicto, luego de evaluar la declaración jurada sometida en

---

[28] Entrada Núm. 47 del caso Núm. CG2024CV04240 en el SUMAC.
[29] Entrada Núm. 48 del caso Núm. CG2024CV04240 en el SUMAC.
[30] Entrada Núm. 51 del caso Núm. CG2024CV04240 en el SUMAC.
[31] Entrada Núm. 52 del caso Núm. CG2024CV04240 en el SUMAC.

apoyo de dicha solicitud. Si el Tribunal hubiera denegado la petición emplazar por edicto en enero de 2025 por insuficiencia de la declaración jurada, el apelante hubiera tenido en exceso de tres meses para intentar emplazar personalmente y si fuera necesario volver a solicitar emplazamiento por edicto y someter nueva declaración jurada sobre todos los apelados.

Por otro lado, el 18 de agosto de 2025, los señores Morales Ayala, sin someterse a la jurisdicción presentaron una apelación por los mismos hechos en controversia y *Sentencia* apelada en la que imputaron el siguiente señalamiento de error:

> Erró el Tribunal de Primera Instancia Sala Superior de Bayamón al declarar No Ha Lugar la solicitud de reconsideración en torno a la solicitud de desestimación con perjuicio, en clara violación al debido proceso de ley.

A tenor con la *Resolución* emitida, el 8 de septiembre de 2025, los señores Morales Ayala, sin someterse a la jurisdicción, radicaron un *Alegato en oposición*. No obstante, el señor Rivera Rivera no presentó una oposición ni escrito en relación con la *Apelación* presentada por el señor Alexis Morales Ayala y el señor Ariel Morales Ayala.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso de epígrafe.

**II.**

**A.**

El emplazamiento es un mecanismo procesal que tiene como finalidad notificar a un demandado acerca de la existencia de una reclamación instada en su contra. *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Mediante el mecanismo del emplazamiento, un tribunal adquiere jurisdicción sobre la persona del demandado. *Bernier González v. Rodríguez Becerra, supra,* pág. 644; *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29–30 (2014); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005); *First Bank of P.R v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998). El emplazamiento representa el paso requerido para cumplir con el debido proceso de ley que hace viable el ejercicio de la jurisdicción

judicial. *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003). Los requisitos para emplazar a tenor con las Reglas de Procedimiento Civil, supra, y los demás estatutos, deben cumplirse estrictamente. *Lucero v. San Juan Star, supra,* pág. 507. De lo contrario, el Tribunal estaría vedado de actuar sobre la persona del demandado. *Rivera v. Jaume,* 157 D.P.R. 562 (2002).

Una vez el demandado sea emplazado, este podrá comparecer al juicio en aras de ejercer su derecho a ser escuchado y presentar prueba a su favor. *Bernier González v. Rodríguez Becerra, supra,* pág. 644. Por su parte, la Regla 4.3 (c) de Procedimiento Civil, *supra,* R. 4.3(c) dispone lo siguiente:

> El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

El término para diligenciar el emplazamiento es uno improrrogable y, si en el término establecido el demandante no ha podido diligenciar el emplazamiento automáticamente se desestimará la causa de acción. *Bernier González v. Rodríguez Becerra, supra,* pág. 645. Sin embargo, en caso de que Secretaria no expidiera los emplazamientos el mismo día en que se presentó la demanda junto con los formularios del emplazamiento, la Regla 4.3(c) de Procedimiento Civil, *supra,* R. 4.3(c), dispone que el tiempo en que se haya demorado Secretaria en expedir el emplazamiento, será el mismo termino adicional que el Tribunal concederá para gestionar el diligenciamiento. *Bernier González v. Rodríguez Becerra, supra,* pág. 645. Una vez Secretaría expida los emplazamientos,

entonces comienza a decursar el término de ciento veinte (120) días.

Dicho término comienza a transcurrir una vez Secretaría expida los

emplazamientos. En *Bernier González v. Rodríguez Becerra, supra,*

pág. 645, el Tribunal Supremo expresó lo siguiente:

> [E]s requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal.

Nótese que, ante un primer incumplimiento con el término de

ciento veinte (120) días para diligenciar los emplazamientos, los

tribunales están obligados en dictar sentencia en la cual decreten la

desestimación y el archivo sin perjuicio de la reclamación judicial.

*Ross Valedon v. Hospital Dr. Susoni Health Community Services,*

*Corp,* 213 DPR 481, 492-493 (2024). Cuando en primer lugar ocurra

el incumplimiento con la Regla 4.3 de Procedimiento Civil, *supra* y,

luego el demandante solicita el desistimiento, corresponde poner en

vigor sus efectos y decretar la desestimación sin perjuicio en lugar

de desistir el pleito. *Ross Valedon v. Hospital Dr. Susoni Health*

*Community Services, Corp,* supra, págs. 493-494. Así pues, no está

disponible el desistimiento sin la autorización del tribunal, luego de

haber incumplido con la Regla 4.3(c) de Procedimiento Civil, *supra.*

*Ross Valedon v. Hospital Dr. Susoni Health Community Services,*

*Corp, supra,* pág. 494. A esos fines, ante un primer incumplimiento

con el término de ciento veinte (120) días para diligenciar los

emplazamientos, el máximo foro judicial decretó que "los tribunales

están obligados a dictar prontamente una sentencia en la cual

decreten la desestimación y el archivo, sin perjuicio, de la

reclamación judicial. Dado que, cronológicamente, ocurrió primero

el incumplimiento con la Regla 4.3(c) de Procedimiento Civil de

2009, *supra,* corresponde poner en vigor sus efectos y decretar la

desestimación sin perjuicio en lugar de dar por desistido el asunto".

*Ross Valedon v. Hospital Dr. Susoni Health Community Services,*

*Corp, supra,* págs. 492-493.

Por otro lado, existen dos maneras para diligenciar un emplazamiento: un emplazamiento personal o mediante edicto. *Rivera v. Jaume*, 157 DPR 562, 575 (2002); *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 988-989 (2020). El emplazamiento personal es el mecanismo idóneo para adquirir jurisdicción sobre la persona. *Banco Popular v. S.L.G. Negrón, supra*, pág. 866. El emplazamiento personal se efectúa mediante la entrega de la demanda y el emplazamiento en conjunto. Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4. La Regla 4.4 de Procedimiento Civil, *supra*, R. 4.4, dispone lo siguiente, "al entregar la copia de la demanda y del emplazamiento, ya sea mediante su entrega física a la parte demandada o haciéndolas accesibles en su inmediata presencia, la persona que lo diligencie hará constar al dorso de la copia del emplazamiento su firma, la fecha, el lugar, el modo de la entrega y el nombre de la persona a quien se hizo la entrega". La citada regla dispone la manera en que se diligenciará el emplazamiento personal.

Con respecto al emplazamiento mediante edicto, la Regla 4.6 de Procedimiento Civil, supra, R. 4.6, estatuye que:

> (a) Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente y así se compruebe a satisfacción del tribunal mediante una declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración o de la demanda presentada que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto.

Con ello, la declaración jurada debe acreditar las diligencias realizadas para citar al demandado personalmente de manera personal y los hechos específicos. *Sánchez Ruiz v. Higuera Pérez, supra,* pág. 988. Al evaluar las suficiencias de las diligencias, "el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se

ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo". *Global v. Salaam*, 164 DPR 474, 482 (2005). En la declaración jurada se demostrará con datos específicos y a satisfacción del Tribunal, que se han hecho las diligencias para emplazar personalmente al demandado o se manifiesta en los casos previstos en la Regla 4.6 de Procedimiento Civil, *supra*, R. 4.6. R. Hernández Colón, *Derecho procesal civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 269. El emplazamiento por edicto exige el estricto cumplimiento de las normas que lo autorizan so pena de nulidad. Hernández Colón, *op. cit*, pág. 269. El demandante debe acreditar que tiene buena y justa causa para que el tribunal ordene el emplazamiento por edicto. Hernández Colón, *op.cit*, pág. 270. Particularmente, el tratadista indica que, "al exponer que el demandado se encuentra fuera de Puerto Rico o que se oculta, es necesario explicar detalladamente de dónde surge el conocimiento del demandante sobre los hechos y hay que expresar con exactitud todas las gestiones que se hayan realizado para localizar al demandado. Es decir, no se pueden alegar conclusiones; hay que presentar los hechos que llevan a esas conclusiones". Hernández Colón, *op.cit*, pág. 270. Ahora bien, un demandante que no logra emplazar de forma personal a un demandado tiene que solicitar la expedición del emplazamiento por edicto dentro del término de ciento veinte (120) días dispuesto para el emplazamiento personal. *Sánchez Ruiz v. Higuera Pérez, supra*, pág. 994. Asimismo, cuando el demandante no tiene éxito en emplazar personalmente a un demandado, acredita las diligencias realizadas para emplazarlo personalmente y solicita emplazar al demandado por edicto, el término de ciento veinte (120) días comienza a decursar nuevamente. *Sánchez Ruiz v. Higuera Pérez, supra*, pág. 994, citando a *Bernier González v. Rodríguez Becerra, supra*, pág. 650.

Dicho término comienza a transcurrir a partir de la expedición del correspondiente emplazamiento por edicto. *Íd.*

Ahora bien, una vez transcurrido el término de ciento veinte (120) días sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo, sin perjuicio. Regla 4.3 de Procedimiento Civil, *supra*, R. 4.3. La citada regla indica que, "una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos". Es menester señalar que, toda Sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho no es válida y, por tanto, no puede ser ejecutada. *Lucero v. San Juan Star, supra*, pág. 508, citando a: *Calderón Molina v. Federal Land Bank*, 89 D.P.R. 704, 709 (1963).

**B.**

La Regla 39.2 de Procedimiento Civil, *supra*, R. 39.2, establece que,

> Después que la parte demandante haya terminado la presentación de su prueba, la parte demandada, sin renunciar al derecho de ofrecer prueba en caso de que la moción sea declarada "sin lugar", podrá solicitar la desestimación fundándose en que bajo los hechos hasta ese momento probados y la ley, la parte demandante no tiene derecho a la concesión de remedio alguno. El tribunal podrá entonces determinar los hechos y dictar sentencia contra la parte demandante, o podrá negarse a dictar sentencia hasta que toda la prueba haya sido presentada. A menos que el tribunal lo disponga de otro modo en su orden de desestimación, una desestimación bajo esta Regla 39.2 y cualquier otra desestimación, excepto la que se haya dictado por falta de jurisdicción o por haber omitido acumular una parte indispensable, tienen el efecto de una adjudicación en los méritos.

La desestimación del pleito es un pronunciamiento desfavorable para el demandante. Hernández Colón, *op.cit*, pág. 411. Los Tribunales están facultados en desestimar los pleitos con perjuicio en limitadas circunstancias y dicha determinación "se debe ejercer juiciosa y apropiadamente". *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). Esta facultad debe ejercerse con mesura dado que la desestimación priva al demandante de su

día en corte para hacer valer las reclamaciones que tenga contra otros. *VS PR, LLC v. Drift Wind, Inc.*, 207 DPR 253, 264 (2021). Al momento de ponderar si procede imponer la sanción severa de la desestimación, el Tribunal debe hacer un balance de intereses entre atender el caso en sus méritos y la rápida dilucidación de las controversias jurídicas. *VS PR, LLC v. Drift Wind, Inc.*, *supra*, pág. 264. Cuando un Tribunal desestima un pleito, tiene la discreción para determinar si la desestimación será sin perjuicio, permitiendo una posterior presentación de la reclamación. *VS PR, LLC v. Drift Wind, Inc.*, *supra*, pág. 267, citando a: *Souchet v. Cosío*, 83 DPR 758, 762–763 (1961). No obstante, en caso de que el Tribunal no lo especifique, generalmente la desestimación seria con perjuicio.

### III.

En el caso de marras, el señor Rivera Rivera alegó que el TPI erró en desestimar la *Demanda* dado que el 5 de mayo de 2025 adquirió jurisdicción sobre el señor Alexis Morales Ayala tras emplazarlo personalmente. Asimismo, argumentó que no procedía la desestimación a la luz de que el TPI había analizado y autorizado el uso de la declaración jurada anejada en la solicitud de emplazamiento por edicto del caso de epígrafe. Ello, aunque fue la misma declaración jurada utilizada en el caso previamente instado por el señor Rivera Rivera.

Por estar relacionados los señalamientos de error, procederemos a discutirlos en conjunto.

El emplazamiento es el mecanismo procesal para adquirir jurisdicción sobre una persona en aras de que sea debidamente notificada acerca del pleito instado en su contra. Estatutariamente, el demandante tiene ciento veinte (120) días para diligenciar el emplazamiento personal. Conforme estos principios, de un tribunal no adquirir jurisdicción sobre el demandado y cumpliéndose las circunstancias citadas en la Regla 4.6 de Procedimiento Civil, *supra*,

el demandante debe acudir ante el TPI, dentro del término de ciento veinte (120) días. Así las cosas, el demandante debe presentar una solicitud para emplazar por edicto al demandado, en unión a una declaración jurada en la que acredite las diligencias que ha llevado a cabo para adquirir jurisdicción sobre el demandado. Destacamos que, la declaración jurada que el demandante presente no debe atestiguar meros hechos y especulaciones. Con ello, la declaración jurada debe contener hechos que justifiquen los esfuerzos razonables que ha realizado el demandante para persuadir al foro primario en conceder la solicitud para emplazar por edicto. Ante ello, del TPI autorizar la expedición del emplazamiento por edicto, nuevamente comienza a decursar el término citado para que el demandante diligencie el emplazamiento por edicto.

Tras un examen sigiloso del expediente ante nuestra consideración resolvemos que el TPI no cometió los errores coaligados por el señor Rivera Rivera.

En el caso de epígrafe, el señor Rivera Rivera arguyó que el 5 de mayo de 2025, emplazó personalmente al señor Alexis Morales Ayala, uno de los apelados. Sin embargo, surge con claridad en el expediente ante nuestra consideración que, el señor Alexis Morales Ayala fue emplazado personalmente el **13 de mayo de 2024**, como parte de los procedimientos ventilados en el caso núm. SJ2024CV00064. Como se percibe, el TPI adquirió jurisdicción sobre el señor Alexis Morales Ayala, en el primer caso que instó el señor Rivera Rivera en contra los señores Morales Ayala y el señor Eduardo Méndez. Atisbamos que, el señor Rivera Rivera falsamente mencionó una fecha en la que no adquirió jurisdicción acerca del señor Alexis Morales Ayala. Por consiguiente, el TPI no erró en desestimar la causa de acción en contra de este, toda vez que, en el presente caso el foro de instancia no adquirió jurisdicción sobre el señor Alexis Morales Ayala.

Por otro lado, la declaración jurada anejada por el señor Rivera Rivera en el caso de autos era insuficiente puesto que no acreditó las debidas diligencias efectuadas para adquirir jurisdicción sobre los señores Morales Ayala. Como se puede apreciar, la declaración jurada sometida por el señor Rivera Rivera, fechada el día 22 de mayo de 2024, fue incluida en la solicitud de emplazamiento instada en el caso anterior. Indiscutiblemente, el señor Rivera Rivera debió haber presentado una declaración jurada con hechos relacionados a los esfuerzos ejecutados por el señor Rivera Rivera en el caso de epígrafe, no de un caso anterior. Empero, el señor Rivera Rivera simplemente justificó la concesión de la expedición del emplazamiento por edicto con una declaración jurada con hechos que no están relacionados al caso de autos. Nótese que, el TPI luego de examinar la *Solicitud de desestimación* radicada por los señores Morales Ayala, determinó que procedía la desestimación. Ello, en virtud de que examinó detenidamente la declaración jurada presentada por el señor Rivera Rivera y la insuficiencia en el emplazamiento por edicto. Así pues, determinó que el señor Rivera Rivera incumplió cabalmente con los requisitos establecidos en la Regla 4.3 de Procedimiento Civil, *supra*. Por último, acentuamos que el término para diligenciar el emplazamiento <u>es improrrogable</u>. Consecuentemente, resolvemos que el foro primario actuó correctamente en desestimar la demanda ante el reiterado incumplimiento con la Regla 4.3 de Procedimiento Civil, *supra*.

En otros términos, los señores Morales Ayala, instaron un recurso de *Apelación* en el que formularon que el TPI debió haber desestimado, con perjuicio, el pleito.

Nuestro ordenamiento jurídico preceptúa que una parte que no diligencia el emplazamiento dentro del término estatutario establecido, el foro primario debe decretar la desestimación y el archivo sin perjuicio. Cónsono con lo anterior, en nuestra segunda

parte citamos que una subsiguiente desestimación y archivo por incumplimiento con el término dispuesto, conlleva una adjudicación en los méritos.[32] Recientemente el máximo foro judicial resolvió en *Ross Valedon v. Hospital Dr. Susoni Health Community Services, Corp, supra,* pág. 492, que "ante un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial".

Ante el señalamiento de error imputado por los señores Morales Ayala, es preciso aclarar varios asuntos. Veamos.

En el primer pleito incoado por el señor Rivera Rivera, transcurrido el término de ciento veinte (120) días dispuestos en la Regla 4.3 de Procedimiento Civil, *supra,* el TPI emitió una *Sentencia Parcial* en la que resolvió que procedía la desestimación del pleito ante el incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra,* en cuanto a los señores Eduardo Meléndez y Alexis Morales Ayala. No obstante, el día en que fue notificada la aludida *Sentencia,* el señor Rivera Rivera, presentó una solicitud de <u>desistimiento</u> conforme la Regla 39.1 de Procedimiento Civil, *supra.* El foro primario emitió una Sentencia en la que declaró Ha Lugar la solicitud de desistimiento, en cuanto al señor Ariel Morales Ayala.

Ahora bien, en el caso de epígrafe, el foro primario determinó que procedía la <u>desestimación, sin perjuicio,</u> del pleito a la luz de que el señor Rivera Rivera no emplazó a la parte contraria, conforme a la Regla 4.3 de Procedimiento Civil, *supra.* Como parte de nuestro análisis, notamos que la Regla 4.3 de Procedimiento Civil, *supra,* y la jurisprudencia aplicable, han resuelto que procede un archivo con perjuicio, en caso de que el foro primario decrete una segunda desestimación por incumplimiento con la Regla 4.3 (c) de

---

[32] *Véase* Regla 4.3 de Procedimiento Civil, *supra.*

Procedimiento Civil, *supra*. Bajo este crisol, en el caso de marras, el TPI no actuó correctamente en desestimar y archivar, <u>sin perjuicio</u>. Lo anterior responde a que, en el caso previamente incoado por el señor Rivera Rivera, tras decursar el término de ciento veinte (120) días para emplazar, el foro primario desestimó el caso, sin perjuicio. Por ende, corresponde poner en vigor los efectos de la citada regla. El marco jurídico es evidente en que, cuando ocurra una segunda desestimación por incumplimiento con la citada regla, entonces procede la desestimación, con perjuicio. Además, el foro primario no dejó sin efecto la *Sentencia* en la que desestimó el caso por incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra*.

Establecido lo anterior, resolvemos que el TPI debió haber desestimado, con perjuicio, el presente caso. Ello, en virtud de que previamente el foro primario había decretado la desestimación, sin perjuicio, de la reclamación judicial anteriormente radicada por el señor Rivera Rivera ante su reiterado incumplimiento con la Regla 4.3 (c) de Procedimiento Civil, *supra*.

A la luz de lo anterior, resolvemos que el foro primario no actuó correctamente en desestimar, sin perjuicio, el caso. Corresponde modificar la *Sentencia* para que su archivo sea, con perjuicio.

**IV.**

Por los fundamentos que anteceden, se modifica la *Sentencia* apelada, a los efectos de decretar el archivo, con perjuicio, del caso y así modificada, se confirma.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones